Anthony Cascia *vs.* William Gilbane & Bro.

PROVIDENCE—FEBRUARY 8, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)   *New Trial.   Reinstatement of Case.   Judgment by Mistake.*

The power conferred by Gen. Laws cap. 246, § 2, to any court within six months after entry of judgment by default or mistake, to set aside the judgment and reinstate the case, is discretionary in the division where the judgment was rendered, and when it has been exercised is not subject to review in the other division.

Where a motion to reinstate a case which had been dismissed on the statement by plaintiff that he desired it discontinued has been denied by the Common Pleas Division, a petition for new trial of such motion will not be entertained by the Appellate Division.

PETITION for new trial on facts stated in opinion.   Heard and dismissed.

PER CURIAM.   The proceeding before us is a petition for a new trial of a motion, made before one of the judges of the Common Pleas Division, to reinstate a case which had previously been dismissed by said division on the statement of the plaintiff that he desired it to be discontinued.

We are now asked, in effect, to review the decision of the justice refusing to reinstate the case. The power is given by Gen. Laws cap. 246, § 2, to any court within six months after entry of judgment by default or by mistake, for cause shown, to set aside such judgment and reinstate the case. This power is discretionary in the division where the judgment was rendered, and when it has been exercised is not subject to review in the other division. We have, therefore, no jurisdiction to entertain such a petition as the present one.

In *Kinkead* v. *Keene,* 22 R. I. 336, a similar question was raised, and we there held that such a proceeding was in effect a petition for a trial, and, the jurisdiction of the two divisions of the court being concurrent in such a case, the decision of a petition in either of said divisions was conclusive, because this division has no more right to grant a trial after it has been refused in the Common Pleas Division than the latter would have to grant a trial after it had been refused by this division.

That case is, therefore, controlling in the one now before us. The petition is therefore denied and dismissed.

*John C. Quinn,* for plaintiff.

*Vincent, Boss & Barnefield,* for defendant.